# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

| | | |
|---|---|---|
| ANDREW S. WALKER, ADC #118512 | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | No. 4:14CV00384-SWW-JJV |
| D. PAYNE, WARDEN; *et al.* | * | |
| | * | |
| Defendants. | * | |

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was

not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**DISPOSITION**

**I.    INTRODUCTION**

Andrew S. Walker ("Plaintiff") is an inmate of the Arkansas Department of Correction ("ADC"). He filed this *pro se* action pursuant to 42 U.S.C. § 1983, claiming that Defendants violated his constitutional rights by ignoring dangerous conditions within the prison and by exhibiting deliberate indifference toward his serious medical needs (Doc. Nos. 1, 5).[1] After careful review of the documents submitted, the Court concludes that Plaintiff has failed to state a claim upon which relief can be granted as to any named defendant.

**II.   SCREENING**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).

---

[1] While an amended complaint typically supercedes all complaints preceded it, the Court will, in this instance, read Plaintiff's Complaint (Doc. No. 1) and Amended (Doc. No. 5) Complaint together.

2

The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a fact-finding process for the resolution of disputed facts." *Id.*

### III.  BACKGROUND

Plaintiff alleges that in December 2013, he slipped and fell on a patch of ice at the ADC Wrightsville Unit (Doc. No. 1 at 3). Plaintiff claims Defendants Henderson, Cockrell, and Scull failed to take any precautionary measures to mitigate the danger posed by the ice and to ensure inmate safety (Doc. No. 1 at 3). He also claims Defendants Payne and Bradley, as unit supervisors, allowed the danger posed by the ice to persist (*Id*. at 3-4).

As a result of the fall, Plaintiff sustained injuries to his hip, back, and left foot (*Id*. at 3). He alleges Dr. Jones exhibited deliberate indifference to his serious medical needs insofar as she declined to diagnose him with an injury and told him he was healthy (*Id*. at 6-7).

Finally, Plaintiff alleges he is being wrongfully transferred from the Wrightsville unit (Doc. No. 5 at 2). He offers a number of theories for why he is being transferred, including (1) that Defendant Hyshaw effected his transfer due to Plaintiff's attempt to file a lawsuit,[2] (2) as a result of his reconsideration letter to ADC Director Ray Hobbs, and (3) for attempting to procure a witness statement for this case from a kitchen supervisor (Doc. No. 5 at 2-3).

### IV. ANALYSIS

Plaintiff brings this action against nine defendants. After review of the pleadings, and for the reasons stated below, the Court finds that he has failed to state a claim upon which relief can be granted against any of them.

#### A. Defendants Henderson, Cockrell, and Scull

Plaintiff alleges that Defendants Henderson, Cockrell, and Scull[3] failed to take safety measures to reduce the danger posed by the ice (Doc. No. 1 at 3). This claim, however, does not invoke Plaintiff's constitutional rights or allege any violation of the Constitution or federal law insofar as it does not allege any intentional misconduct on the part of any defendant. *See Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir. 2005) (noting that intentional conduct, rather than negligence, is required to state a § 1983 claim); *Walker v. Reed*, 104 F.3d 156, 157 (8th Cir. 1997) (dismissing an inmate slip and fall claim that was based on negligence rather than a constitutional violation). Instead, Plaintiff's slip and fall claim is negligence, and it is well established that

---

[2]It is unclear from Plaintiff's Amended Complaint (Doc. No. 5) whether the lawsuit in question is the immediate lawsuit or a separate matter.

[3]Plaintiff's original Complaint refers to an unnamed kitchen supervisor whom he alleges failed to take safety measures (Doc. No. 1 at 3). In Plaintiff's Amended Complaint, this supervisor is named as Scull (Doc. No. 5 at 2).

negligence, even gross negligence, is not actionable under § 1983. *Hart v. City of Little Rock*, 432 F.3d 801,805 (8th Cir. 2005). If Plaintiff wishes to pursue negligence claims against these defendants, he must do so in state court.

Plaintiff also alleges that after he attempted to obtain a witness statement from a kitchen supervisor; he later saw the supervisor speaking to Cockrell (Doc. No. 5 at 3). Plaintiff states that shortly thereafter, he was notified that he was being transferred (*Id*. at 4). This allegation against Cockrell fails to comply with the pleading standard articulated in *Twombly*. Namely, it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff fails to allege a connection between the supervisor's conversation with Cockrell and the transfer notification. The claim is therefore insufficient. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (while pro se complaints are to be liberally construed they must allege sufficient facts to support the claims advanced).

Based on the foregoing, the Court finds Plaintiff's claims against Defendants Henderson, Cockrell, and Scull are appropriate for dismissal.

### B. Defendant Johnson

Lieutenant Johnson is identified in Plaintiff's Amended Complaint as the shift supervisor on duty at the time of Plaintiff's alleged fall (Doc. No. 5 at 1). Plaintiff does not, however, make any allegations of misconduct, constitutional or otherwise, against Johnson. Instead, Plaintiff merely identifies him as the shift supervisor and states that this identification is intended only to "reflect back on his whereabouts of the time of the accident" (*Id*.). In the absence of any allegations of wrongdoing on Johnson's part, the Court finds all claims against him should be dismissed.

### C. Defendants Payne and Bradley

Plaintiff alleges that Warden Payne and Assistant Warden Bradley allowed the icy conditions to persist (Doc. No. 1 at 3-4). As noted above, however, Plaintiffs claims related to his slip and fall sound in negligence and cannot be pursued under § 1983. Moreover, Plaintiff does not allege that Payne or Bradley had actual knowledge of the icy conditions or the danger they posed. This is fatal to his claims against both defendants as § 1983 does not recognize a cause of action under *respondeat superior*. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995). These claims should be dismissed.

Per his Amended Complaint, Plaintiff also alleges Payne impermissibly transferred him to another unit in violation of his due process rights (Doc. No. 5 at 2). No liberty interest, however, is implicated and no particular process is required for an inmate prison transfer unless the state explicitly creates such an interest by limiting official discretion. *Williams v. Walls*, 744 F.2d 1345, 1346 (8th Cir. 1984). Plaintiff does not invoke and the Court is not aware of any limitation on official discretion created by the State of Arkansas which relates to an inmate's transfer between ADC units. Accordingly, this claim against Payne is also appropriate for dismissal.

### D. Defendant Ray Hobbs

Plaintiff's lone allegation against ADC Director Ray Hobbs is that Plaintiff may have been transferred as a result of sending Hobbs a reconsideration letter (Doc. No. 5 at 2). But as noted above, Plaintiff has no protected interest in preventing a prison transfer. Moreover, Plaintiff's claim against Hobbs is purely speculative. The Court therefore concludes that Hobbs should be dismissed from this action.

### E. Defendant Hyshaw

Plaintiff alleges that Defendant Hyshaw may have orchestrated the transfer due to Plaintiff's

preparations to file an unspecified lawsuit (Doc. No. 5 at 2). Plaintiff goes on to note that "I don't know if he directly had it done, but chances are high that he was a part of it" (*Id*.). As with Plaintiff's transfer claims against Defendants Cockrell and Hobbs, this allegation is purely speculative and unsupported by factual allegations. As such, it fails to comport with *Twombly* and should be dismissed.

### F. Defendant Jones

Plaintiff alleges that after his fall, Dr. Jones examined him and determined that nothing was wrong (Doc. No. 1 at 6). He further alleges that his repeated complaints of pain served only to exasperate Dr. Jones, who persisted in telling him he had no medical issues related to the fall (*Id*. at 6-7). Based on Plaintiff's allegations, the Court concludes that he has failed to state a cognizable claim for deliberate indifference against Dr. Jones. Instead, Plaintiff has alleged only a disagreement over treatment, which is not actionable under § 1983. *See Fourte v. Faulkner County*, 746 F.3d 384, 387 (8th Cir. 2014) (deliberate indifference is more than negligence, more than even gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation). Even if Dr. Jones were shown to be wrong in her assessment of Plaintiff's condition she would, at worst, be subject to a medical malpractice claim. *See Estelle v. Gamble*, 429 U.S. 97, 106 (U.S. 1976) (medical malpractice does not become a constitutional violation simply because the victim is a prisoner). Plaintiff's claims against Defendant Jones should be dismissed.

### V. CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 1) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted;

    2.    Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g)[4];

    3.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations would not be taken in good faith.

Dated this 17th day of July, 2014.

                                                        _____
                                                        JOE J. VOLPE
                                                        UNITED STATES MAGISTRATE JUDGE

---

[4] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."